IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GARBACZ,

    Plaintiff,

v.

A.T. KEARNY, INC.,

    Defendant.
_____/

No. C 05-05404 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON MARCH 31, 2006:

    The Court **tentatively DENIES** the motion of Defendant A.T. Kearney, Inc. ("ATK") to compel arbitration. The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civ. L.R. 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

    Each party will have fifteen minutes to address the following questions:

(1)    Plaintiff Rand Garbacz ("Garbacz") contends that the Addendum 1: Arbitration Procedures to the Employment Agreement attached as Exhibit 1 to the Declaration of

Jennifer M. Schulte was signed by Garbacz in July and then later repudiated when ATK changed the terms of the employment offer.

    (a)    How does ATK respond to this contention?  If the offer letter sent in July 2003 was not repudiated, including all the agreements and addendums attached to the offer letter, then why did ATK send a new offer letter with different terms in September 2003?

    (b)    If Garbacz repudiated his agreement to the documents signed in July, how can ATK rely on the Addendum signed by Garbacz in July?

    (c)    What addendums regarding arbitration, if any, were attached to the Employment Agreement ATK contends was signed by both parties in September 2003?

(2)    When did the parties sign the Employment Agreement attached as Exhibit A to the Schulte Declaration?  Which party signed it first?

(3)    The offer letter signed by Garbacz on September 6, 2003 states that it is contingent upon Garbacz signing certain attached agreements, including an employment agreement.  Did Garbacz sign an employment agreement attached to the September 2003 offer letter?  If so, is it the Employment Agreement attached to the Schulte Declaration as Exhibit A?

(4)    The Employment Agreement attached as Exhibit A to the Schulte Declaration provides that it is "effective as of the date (the 'effective date') set forth on the signature page." (Shulte Decl., Ex. A at 4.)  On the last page of the Employment Agreement, which contains the signature blocks, it provides that "the parties have executed this Agreement as of the Effective Date set forth below." (*Id*. at 12.)  Just below this paragraph the Employment Agreement states "EFFECTIVE DATE:_____." (*Id*.)  No date is written on this line.   Is the failure to have an effective date fatal to the agreement?  Based on what authority is the Court authorized or prohibited from inserting in or determining a date when the purported agreement became effective?

(5)    ATK argues that even if the Court does not consider the "Arbitration Procedures" attached to the Schulte Declaration, Garbacz agreed to submit all disputes arising out of or relating to his employment or termination to final and binding arbitration in the

2

Employment Agreement.  Paragraph 12 of the Employment Agreement attached as Exhibit A to the Schulte Declaration provides that "any controversy or dispute between Employee and the Company ... related to or arising out of Employee's employment or the termination thereof (other than disputes regarding an alleged violation of Paragraphs 6, 7, or 9 ...) including any claim of wrongful termination, constructive termination, employment discrimination or workplace torts ...shall be fully resolved *pursuant to the Dispute Resolution and Arbitration Procedures* attached as Addendum 1 and fully incorporated herein."  (emphasis added)

(a) The Employment Agreement does not actually specify that all disputes arising out of or relating to Garbacz's employment or termination shall be resolved pursuant to final and binding arbitration.  The agreement merely provides that such disputes shall be resolved pursuant to the "Dispute Resolution and Arbitration Procedures" allegedly attached to the agreement.  The phrase "Dispute Resolution and Arbitration Procedures" does not make clear that all disputes would be resolved pursuant to final and binding arbitration, let alone arbitration at all.  It is conceivable that in addition to addressing arbitration, a document by such a name addresses procedures for resolving disputes internally or requirements to engage in mediation.  Accordingly, how does ATK support its argument that Garbacz agreed to be limited to arbitration in the Employment Agreement?

(b) ATK contends that the Addendum 1 attached to the Schulte Declaration was the addendum referenced in Paragraph 12 of the Employment Agreement.  However the Employment Agreement describes the Addendum 1 as the "Dispute Resolution and Arbitration Procedures" and the document attached to the Schulte Declaration is entitled "Arbitration Procedures."  What evidence demonstrates that the addendum entitled "Arbitration Procedures" is the addendum referenced by and attached to the Employment Agreement signed by Garbacz?

3

(6)  Does Garbacz contend that when he signed the document entitled Arbitration Procedures in July that he attempted, but was unable, to negotiate or modify any of the terms of the agreement?

(7)  Would ATK have allowed Garbacz to become an employee without signing an agreement to arbitrate?

(8)  Where did Garbacz live when his was employed by ATK?

(9)  Other than paragraph 4 of the Schulte Declaration, what evidence supports ATK's argument that Garbacz was an employee of the Plano, Texas office?

(10) "When considering a motion to compel arbitration, the court applies a standard similar to the summary judgment standard of Fed. R. Civ .P. 56. ... If there is doubt as to whether such an agreement exists, the matter should be resolved through an evidentiary hearing or mini-trial. ... When considering a motion to compel arbitration which is opposed on the ground that there is no binding agreement to arbitrate, the district court should give the opposing party the benefit of all reasonable doubts and inferences that may arise." *McCarthy v. Providential Corp.*, 1994 WL 387852, *2 (N.D. Cal. July 19,1994).  If the Court finds there is a genuine issue of material fact regarding the existence of an agreement to arbitrate, should the Court proceed to an evidentiary hearing or a mini-trial on this threshold issue?  Do the parties contend that this issue should be determined by a jury or the Court?

(11) Do the parties have anything further to add?

Dated: March 30, 2006

                                             JEFFREY S. WHITE
                                             UNITED STATES DISTRICT JUDGE