**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GARBACZ,

     Plaintiff,

     v.

A.T. KEARNY, INC.,

     Defendant.

_____/

No. C 05-05404 JSW

**ORDER DENYING
DEFENDANT'S MOTION TO
COMPEL ARBITRATION**

    Now before the Court is the motion of Defendant A.T. Kearney, Inc. ("ATK") to compel arbitration. Having carefully considered the parties' arguments, the relevant legal authority, and having had the benefit of oral argument, the Court hereby DENIES ATK's motion.

**BACKGROUND**

    Plaintiff Rand Garbacz ("Garbacz") filed an action against ATK raising claims related to his employment by ATK. Garbacz asserts claims for breach of his employment agreement, among other employment related claims. ATK contends that Garbacz is subject to a binding arbitration agreement that covers these claims.

    It is undisputed that in 2003, ATK and Plaintiff Rand Garbacz ("Garbacz") began negotiating an agreement for Garbacz to begin employment with ATK. Garbacz contends that ATK made an offer that he accepted in July 2003, but that ATK later repudiated the agreement. At the hearing on the instant motion, ATK characterized the events in July 2003 as an offer that was rejected. Regardless of whether there was a repudiated agreement or rejected offer, it is undisputed that there was not a binding, enforceable agreement between the parties in July 2003.

**United States District Court**

For the Northern District of California

1    Garbacz submits a declaration which states that in late July or early August 2003, ATK

2    made another offer of employment, but then informed Garbacz that ATK had not actually

3    approved the terms of the second offer.  (Declaration of Rand Garbacz ("Garbacz Decl."), ¶¶ 9-

4    10.)[1]  In September 2003, ATK made a third offer of employment.  Garbacz signed the third

5    offer letter on September 6, 2003.  (*Id.*, Ex. B.)

6    The offer letter sent in September 2003 provides that ATK's offer is contingent upon

7    Garbarcz's execution "of the enclosed A.T. Kearney management consulting Employment

8    Agreement, the enclosed A.T. Kearney Employee Non-Dislcosure and Proprietary Information

9    Agreement, and the EDS Code of Business Conduct.  (*Id.*, Ex. B.)  The offer letter also states

10   that "A.T. Kearney Officer Employment and Arbitration Agreements," as well as other

11   documents, were enclosed with the offer letter.  (*Id.*, Ex. B.)

12   ATK submitted a copy of a document entitled "Employment Agreement."  (Declaration

13   of Jennifer M. Schulte ("Schulte Decl."), Ex. A.)  The Employment Agreement is signed by Ms.

14   Schulte on behalf of ATK and by Garbacz but is not dated.  (*Id.*, Ex. A.)  The Employment

15   Agreement provides that it is "effective as of the date (the 'effective date') set forth on the

16   signature page."  (*Id.*, Ex. A at 4.)  On the last page of the Employment Agreement, which

17   contains the signature blocks, it provides that "the parties have executed this Agreement as of

18   the Effective Date set forth below."  (*Id.*, Ex. A at 12.)  Just below this paragraph, the

19   Employment Agreement states "EFFECTIVE DATE:_____."  (*Id.*)  No date

20   is written on this line.

21   Paragraph 12 of the Employment Agreement provides that "any controversy or dispute

22   between Employee and the Company ... related to or arising out of Employee's employment or

23

24   [1] ATK objects to much of the Garbacz Declaration.  The Court overrules ATK's objections to paragraph 7 for failure to lay a proper foundation and to paragraphs 9 and 10 based on hearsay.  To the extent that ATK objects on the ground that Garbacz failed to lay a

25   proper foundation for testifying as to ATK's reasons for taking certain actions, the Court did not consider the Garbacz Declaration to determine ATK's alleged motivations or intentions,

26   and thus, the Court need not rule on the admissibility of such evidence at this time.  ATK further objects to the majority of the Garbacz Declaration on the grounds that it is an attempt

27   to contradict the terms of a valid, integrated contract.  However, as the Court discusses below, ATK has not yet demonstrated that a valid, integrated contract exists.  Moreover, the

28   Court does not construe the evidence it considered in resolving this motion as an attempt to alter the terms of such purported agreement. Accordingly, such objections are overruled.

2

the termination thereof (other than disputes regarding an alleged violation of Paragraphs 6, 7, or

9 ...) including any claim of wrongful termination, constructive termination, employment

discrimination or workplace torts ...shall be fully resolved *pursuant to the Dispute Resolution*

*and Arbitration Procedures* attached as Addendum 1 and fully incorporated herein." (*Id.*, Ex.

A. at 7 (emphasis added).)

ATK submits a document entitled "Addendum 1, Arbitration Procedures." (*Id.*, Ex. A.)

This document was signed by Garbacz on July 12, 2003 and by Ms. Schulte on September 21,

2003. (*Id.*, Ex. A.)

## ANALYSIS

Pursuant to the Federal Arbitration Act ("FAA"), arbitration agreements "shall be valid,

irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the

revocation of any contract." 9 U.S.C. § 2. Once the Court has determined that an arbitration

agreement involves a transaction involving interstate commerce, thereby falling under the FAA,

the Court's only role is to determine whether a valid arbitration agreement exists and whether

the scope of the parties' dispute falls within that agreement. 9 U.S.C. § 4; *Chiron Corp. v.*

*Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "Under § 4 of the FAA, a

district court must issue an order compelling arbitration if the following two-pronged test is

satisfied: (1) a valid agreement to arbitrate exists; and (2) that agreement encompasses the

dispute at issue." *United Computer Systems v. AT & T Corp.*, 298 F.3d 756, 766 (9th Cir.

2002).

"When considering a motion to compel arbitration, the court applies a standard similar to

the summary judgment standard of Fed. R. Civ .P. 56. ... If there is doubt as to whether such an

agreement exists, the matter should be resolved through an evidentiary hearing or mini-trial. ...

When considering a motion to compel arbitration which is opposed on the ground that there is

no binding agreement to arbitrate, the district court should give the opposing party the benefit of

all reasonable doubts and inferences that may arise." *McCarthy v. Providential Corp.*, 1994 WL

387852, *2 (N.D. Cal. July 19,1994).

**United States District Court**

For the Northern District of California

1    Here, the parties in this case do not dispute that the claims at issue would fall within the

2   scope of the purported arbitration agreement.  However, they do dispute whether the parties

3   actually entered into an agreement to arbitrate, and if so, whether the agreement is enforceable.

4    Based on the record presently before the Court, the Court finds there are several genuine

5   issue of material fact regarding whether Garbacz consented to an arbitration agreement.  ATK

6   presented an agreement to arbitrate that was signed by Garbacz, but he signed it in July in

7   connection with the offer and/or agreement that was either rejected or repudiated.  ATK also

8   argues that Garbacz signed an Employment Agreement which incorporates the arbitration

9   agreement, but this argument suffers from several defects.  First, it is questionable whether the

10   Employment Agreement was effective.  Second, even if the Employment Agreement was

11   effective, it does not specifically provide that Garbacz agrees to binding arbitration.  Rather, it

12   incorporates by reference a document entitled "Dispute Resolution and Arbitration Procedures."

13   Based on the evidence before the Court, the Court cannot find as a matter of law that the

14   document entitled "Arbitration Procedures," signed by Garbacz in July 2003, is the same

15   document that was attached to and incorporated into the Employment Agreement in connection

16   with the September 2003 offer letter.  Without a valid agreement to arbitration, Garbacz cannot

17   be compelled to arbitrate.  Accordingly, the Court denies ATK's motion to compel.

18    Pursuant to 9 U.S.C. § 4, "[i]f the making of the arbitration agreement or the failure,

19   neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial

20   thereof."  If requested, the district court shall refer this issue to a jury.  *See* 9 U.S.C. § 4.

21   However, here, both parties confirmed at the hearing on the motion to compel that neither of

22   them are requesting that a jury hear this issue.  Thus, if necessary, the Court may hold a bench

23   trial or evidentiary hearing to resolve whether an agreement to arbitrate exists.  It is not clear

24   whether ATK seeks an opportunity to conduct discovery and to make a further showing

25   regarding the purported agreement to arbitrate.  Therefore, if ATK does seek an opportunity to

26   conduct discovery and have the Court conduct further proceedings on this issue, ATK shall file

27   a request by no later than April 6, 2006.

28

**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the foregoing reasons the Court DENIES ATK's motion to compel arbitration.  The Court FURTHER ORDERS that ATK shall file a request by no later than April 6, 2006 if it seeks to conduct discovery and make a further showing regarding whether an agreement to arbitrate exists.

**IT IS SO ORDERED.**

Dated: April 3, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE